NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES COE, JR., | Civil Action No.: 08-2870 (PGS) |
| Plaintiff, | |
| vs. | **OPINION** |
| SOCIETY HILL AT PISCATAWAY CONDO ASSOCIATION, | |
| Defendant. | |

**SHERIDAN, U.S.D.J.**

This case involves a dispute between Society Hill at Piscataway Condo Association ("Defendant" or the "Association") and one of its residents, James Coe, Jr. ("Plaintiff"), over parking. Plaintiff, who is disabled, alleges that his car was lawfully parked within his condo complex, but was nonetheless towed and eventually crushed at the direction of the Association. Alternatively, Plaintiff suggests that, even if his car was illegally parked, he should have received a parking exemption on account of his disability. Currently before the Court is Plaintiff's motion for summary judgment and Defendant's motion for partial summary judgment.[1] For the following reasons, Plaintiff's motion is denied and Defendant's motion is granted.

---

[1] Defendant repeatedly references the standard for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In substance, however, Defendant filed a motion for summary judgment pursuant to Rule 56.

**I.     BACKGROUND**

Plaintiff is the owner of a townhouse located at 123 Berkshire Court in Society Hill at Piscataway, located in, as the name suggests, Piscataway, New Jersey.  (Amend. Compl. ¶ 1.) Plaintiff describes his street as a "one-way dead-end common area street with 8 houses on each side." (*Id.*)  Parking is available in numbered spots reserved for residents and unnumbered guest spots.  (*Id.* ¶ 2.)  There is also additional guest parking at the far end of Plaintiff's street.  (*Id.*)

In or about the Summer of 2005, Plaintiff parked his 1988 Nissan Maxima in a guest parking spot.  (Def. 56.1 Stmt. ¶ 5; *see* Compl. ¶¶ 7, 13.)[2]  In the summer of 2007, the Association informed Plaintiff he was violating its by-laws and that his car would be towed. (Def. 56.1 Stmt. ¶¶ 5, 9.) Pursuant to Rule 1.4.7 of the by-laws, Society Hill residents may only "store their previously operable vehicles, which have since become inoperable for either mechanical or administrative reasons, for no more than 30 days."  (Def. Br. Ex. B.)[3]  Plaintiff was allegedly violating Rule 1.4.7 because his car had not been moved in the two years since it was parked, had an expired inspection sticker, a flat tire, and was otherwise inoperable.  (Def. 56.1 Stmt. ¶ 5.)

On August 17, 2007, Plaintiff wrote to the Association requesting that his car not be towed. (Def. Br. Ex. C.)  He further warned that if his car was towed, he would take legal action, suggesting that the Association's actions were merely a pretext for racial and disability discrimination.  (*Id.*)

---

[2] Although not part of the record, Defendant states in its brief that Plaintiff "has another vehicle which has been properly parked and maintained in accordance with the by-laws." (Def. Br. at 6.)

[3] Defendant's method of attaching supporting documents to its brief rather than an affidavit, certification or declaration in accordance with 28 U.S.C. § 1746 is procedurally improper.  *Cf. Harris v. Beneficial Okla., Inc. (In re Harris)*, 209 B.R. 990, 996 (10th Cir. 1997). Nonetheless, having received no objection, the Court considers these documents in its analysis of Defendant's motion to dismiss.

Plaintiff is an African-American with cancer. (Amend. Compl. ¶ 7, Def. Br. Ex. C.) On October 11, 2007, in response to Plaintiff's letter, the Association granted Plaintiff ten days to "bring []his vehicle into operating condition and current its registration." (Def. Br. Ex. D.) The letter also notified Plaintiff that "failure to respond to this request will result in your vehicle being towed off the property of Society Hill at Piscataway." (*Id.*) On October 21, 2007, Plaintiff again wrote to the Association, acknowledging a "second notice threatening to illegally tow [his] vehicle," and reiterating his belief that the Association's conduct constituted harassment. (*Id.* Ex. E.) However, there is no evidence in the record except Plaintiff's letters to the Association (which were filed by Defendant) to suggest that Plaintiff was the victim of intentional discrimination or harassment.

On or about November 21, 2007, Majestic Towing towed Plaintiff's car at the direction of the Association. (*Id.* Ex. F.) On February 20, 2008, nearly three months after his car was towed, Plaintiff wrote to the Association offering to settle his dispute. Plaintiff gave the Association two options: (1) return his vehicle and contents, plus costs, within 3-5 days of his letter; or (2) "consider[ation]" of a $20,000.00 counter-offer to replace his vehicle and lost contents. (*Id.*) No request was made for damages as to any perceived harassment, disability or otherwise. At some point after the time for redemption expired, Majestic Towing destroyed Plaintiff's car by crushing it. (Amend. Compl. ¶ 5.)

On June 10, 2008, Plaintiff filed a complaint against Defendant asserting violations of the Americans with Disabilities Act. On June 18, 2009, the Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction. However, after receiving what the Court deemed a motion for reconsideration, the Court reopened this matter on August 13, 2009 and granted Plaintiff leave to file an amended complaint until September 8, 2009. The Court's August 13, 2009 order also

noted that Defendant could move for summary judgment upon the filing of Plaintiff's amended complaint. On September 9, 2009, Plaintiff filed his amended complaint. Although Plaintiff's amended complaint does not make reference to specific counts, he generally pleads three claims: violations of the Fair Housing Act, 42 U.S.C. § 3601 et. seq.; violations of the New Jersey Predatory Towing Prevention Act, N.J.S.A. 56:13-7, et seq.; and a common law claim for fair procedure. Plaintiff now moves for summary judgment and Defendant now moves for partial summary judgment.[4]

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (internal quotations omitted). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241,

---

[4] Plaintiff seeks summary judgment because Defendant has not filed an answer to his amended complaint. However, Plaintiff's motion is procedurally deficient because it does not include any of the supporting documents required by Local Rules 7.1, 7.2 and 56.1. Moreover, Plaintiff's motion is contrary to the procedures contemplated by the Court's August 13, 2009 order, which permitted Defendant to file a summary judgment motion immediately following the amended complaint. Accordingly, Plaintiff's motion is denied.

4

247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations. *Anderson*, 477 U.S. at 248. "[U]nsupported allegations" are insufficient to defeat summary judgment. *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor -- that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. Appx. 222, 227 (3d Cir. 2007).

### III.    DISCUSSION

#### A.    Fair Housing Act

Plaintiff's first claim is for failure to make reasonable accommodations in violation of the Fair Housing Act. Due to his disability, Plaintiff seeks an exemption from Rule 1.4.7 of Society Hill's by-laws, which states that residents may only "store their previously operable vehicles, which have since become inoperable for either mechanical or administrative reasons, for no more than 30 days." (Def. Br. Ex. B) Plaintiff requests the exemption because his car has been parked in a guest spot for more than two years and remained inoperable until it was towed. (Def. 56.1 Stmt. ¶ 5.)[5]

Pursuant to the Fair Housing Act, it is unlawful "[t]o discriminate against any person in the

---

[5] To the extent Plaintiff alleges intentional discrimination under the Fair Housing Act, that claim is dismissed because there is no evidence of discrimination.

terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2).[6] Discrimination includes "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises" or "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(A), (B).

An reasonable accommodation is necessary if, "'but for the accommodation, [a plaintiff] likely will be denied an equal opportunity to enjoy the housing of their choice.'" *Id.* at 460 (quoting *Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 795 (6th Cir.1996)). Stated another way, an accommodation is necessary if there is a "direct linkage" between the proposed accommodation and the effect of the disability. *Id.* (quoting *Bryant Woods Inn, Inc. v. Howard County*, 124 F.3d 597, 604 (4th Cir. 1997)). An accommodation is not necessary, however, if it will "increase a benefit to a handicapped person above that provided to a nonhandicapped person with respect to matters unrelated to the handicap." *Bryant Woods Inn*, 124 F.3d at 604; *accord Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008) ("'[E]qual opportunity' can only mean that handicapped people must be afforded the same (or 'equal') opportunity to use and enjoy a dwelling as non-handicapped people, which occurs when accommodations address the needs created by the handicaps.").

Plaintiff cannot demonstrate that his requested accommodation is necessary because there is

---

[6] Defendant does not dispute that Plaintiff is disabled.

no direct linkage or relationship between the requested accommodation and Plaintiff's disability. Although it is undisputed that Plaintiff has cancer, he makes no suggestion that granting him the right to store an inoperable vehicle for a long period affords him equal opportunity to use and enjoy his housing. Accordingly, Plaintiff's Fair Housing Act claim is dismissed.[7]

### B. State Law Claims

Plaintiff's remaining claims, violations of the New Jersey Predatory Towing Prevention Act and fair procedure, derive from state law. Pursuant to 28 U.S.C. § 1367, "in any civil action in which district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." However, even where supplemental jurisdiction exists pursuant to § 1367, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction rests with a district court's discretion. *Peter Bay Homeowners Ass'n, Inc. v. Stillman*, 294 F.3d 524, 534 (3d Cir. 2002).

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims since limited discovery has taken place, and neither party addressed Plaintiff's state law claims on summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and

---

[7] Additionally, Plaintiff's Fair Housing Act claim can be dismissed because Plaintiff filed his amended complaint on September 9, 2009, one day late. Plaintiff also failed to oppose Defendant's motion for partial summary judgment.

7

Defendant's motion for partial summary judgment is granted.  Plaintiff's Fair Housing Act claim is dismissed with prejudice.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

> *s/Peter G. Sheridan*
> PETER G. SHERIDAN, U.S.D.J.

April 7, 2010